INHABITANTS OF WEBSTER, appellants,
*vs.*
THE COUNTY COMMISSIONERS OF ANDROSCOGGIN COUNTY.

*Appeal—only taken when allowed by statute.*

The act of 1873, c. 91, amendatory of R. S., c. 18, § 37, regulating the time of taking an appeal from the decision of county commissioners, and requiring it to be made at the term of this court next after their return is filed, had the effect to defeat all appeals in pending cases, not so taken.

ON EXCEPTIONS.

The facts in this case are substantially the same as those set forth in the case of *Webster* v. *County Commissioners*, 63 Maine, 27. The commissioners filed their return, locating a way, at their October term, 1870, and the case was thence continued from term

to term, till their October term, 1872. At this last term, but on the fifth day of March, 1873, their proceedings were closed and recorded. The plaintiffs then appealed therefrom, which they entered at the April term, 1873, of this court. The respondents moved to dismiss this appeal as not seasonably taken, because the Public Laws of 1873, c. 91, amendatory of R. S., c. 18, § 37, upon this subject, required the appeal to be taken at the term next after the filing of the return, instead of next after the record was closed, as the law was prior to this amendment. This motion was denied and the respondents excepted.

*R. Dresser* for the respondents.

*Frye, Cotton & White* for the appellants.

DICKERSON, J. By R. S., c. 18, § 37, before it was amended by the Public Laws of 1873, c. 91, appeals from the decision of the county commissioners were required to be taken after it had been entered of record, and before the next term of the supreme judicial court in the county where the proceedings originated. By the amendatory act the words, "it has been entered of record," were stricken out and the words, "their return has been placed on file," were inserted instead thereof. The amendatory act took effect January 29, 1873.

The return of the county commissioners, in this case, was made and filed at their October term, 1870, but their proceedings were not closed and their decision was not filed, till the fifth day of March, 1873. The appeal was taken before the next term of the appellate court, in April, 1873, and duly entered in said court.

The attorney for the petitioners moved to dismiss the appeal, because it was not seasonably entered as required by the amended statute. Appeals from the decision of the county commissioners are exclusively regulated by statute. The provision of the statute in question is mandatory. It took effect before the appeal was made, and does not except cases then pending before the commissioners. Petitions pending before county commissioners are not actions within the purview of R. S., c. 1, § 3. There was no stat-

ute in force authorizing the entry of the appeal when it was made, and it should have been dismissed on the motion.

*Exceptions sustained.*

APPLETON. C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.